JONES, Justice:
This litigation began with the filing of a bill of complaint by Mrs. L. M. Drumm in the Chancery Court of Forrest County, Mississippi, seeking to cancel four deeds and three options executed by her in favor of appellees. The bill was filed December 3, 1965. On January 21, 1966, a conservator of the estate of Mrs. Drumm was appointed. On petition to intervene, he was permitted so to do and to continue the suit as conservator of her estate. The regular chancellor certified his disqualification, and another chancellor was appointed to try the case. After hearing all of the evidence, the trial court held the instruments valid. From this decree the case comes here; and we affirm, with the decree being modified as hereinafter stated.
Cancellation was sought because of an alleged fiduciary or confidential relationship between the parties, great weakness of mind of the complainant at the time of the transactions, inadequacy of consideration, etc.
The initial transaction between the parties was on April 1, 1964, after appellees had first met Mrs. Drumm in December, 1963. No attack was made on the first conveyance. The last conveyance was an option made on August 7, 1965. We find no evidence in the record upon which it could be said by us that there existed a confidential or fiduciary relationship between the parties, and certainly there is not sufficient evidence to say the chancellor was manifestly wrong in failing to find such a relationship existed.
It was not claimed by complainant that Mrs. Drumm was non compos mentis at any time. The sole complaint was that she was weak of mind. The evidence as to this was conflicting, and, as a matter of fact, it was shown that Mrs. Drumm transacted other business affairs and made other sales during this same period of time. No attack was made on these other transactions. Some of the witnesses who had made transactions during this period of time testified that she had a weakness of mind, a tendency toward forgetfulness; but when asked about the state of her mind at the times they dealt with her, which were also during the *875 time of the dealings of the appellees with her, they stated that her mind at those times was perfectly all right. She retained the minerals under the land, had surveys made, had deeds prepared, and apparently in each instance selected the officer before whom they were acknowledged. She kept records of each collection and expenditure until just' shortly before the end of the year 196S. The issue was conflicting, and the doctors’ letters or certificates in the record show that Dr. C. L. Austin examined Mrs. Drumm on January 13, 1966 (about two years after the initial transaction and five months after the last). He stated his examination revealed a generalized and cerebral arterial sclerosis. He was of the opinion that at that time (January 1966) she was incapable of managing her own estate. A letter from Dr. C. C. Hightower, dated January 13, 1966, stated that “for the past several months” her mental condition had been deteriorating. On the conflicting evidence, we are unable to hold that the chancellor was manifestly wrong in holding that at the time of her transactions with the appellees she knew and understood what she was doing. Consequently, we are unable to hold that the chancellor was manifestly wrong in not decreeing that the deeds were void because of a grossly inadequate consideration.
The chancellor set out in his decree the various deeds and options with the amounts agreed to be paid and the amounts remaining to be paid. The considerations for the deeds were evidenced by promissory notes, but there was nothing recorded indicating that the consideration was not paid.
We therefore are modifying the decree to the extent that the appellant is granted a lien against those lands conveyed by deeds (but not those included in the options) for the unpaid balance of the purchase price. We are remanding the case to the Chancery Court of Forrest County so that, when and if default should be made in the payment of the balance of the purchase price of any of the lands conveyed by deed, the court will have authority and jurisdiction on a proper showing to enforce such lien in a manner provided by law. The lien granted shall be a lien on each separate tract for the remaining amount due on that particular tract.
Affirmed as modified.
ETHRIDGE, C. J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.